# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                                  )

       v.             )    I.D. No. 1708021304
                                  )

DARON J. ROGERS,      )
                                  )

     Defendant.     )

Submitted: March 18, 2025
Decided:  March 20, 2025

*Upon Defendant's Motion for Correction of Illegal Sentence*
**DENIED.**


## ORDER


Daron J. Rogers, *pro se*, Smyrna, DE.

Beth Deborah Savitz, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware, Attorney for the State of Delaware.

**WHARTON, J.**

This 20th day of March, 2025, upon consideration of Defendant Daron J. Rogers' ("Rogers") Motion for Correction of Illegal Sentence,[1] and the record in this matter, it appears to the Court that:

1.      Rogers pled guilty on October 28, 2018 to Drug Dealing in Heroin in a Tier 4 quantity, a Class B felony.[2]  A pre-sentence investigation was ordered.[3]  On February 8, 2019, this Court declared him a habitual offender pursuant to 11 *Del. C.* § 4214(a) and sentenced him to 20 years of incarceration, suspended after 15 years, followed by decreasing levels of supervision.[4]  Rogers did not appeal, but, instead filed a series of unsuccessful motions in this Court.  The first was a Motion for Credit Time.[5]  Next was his first Motion for Postconviction Relief and Appointment of Counsel.[6]  A Motion for Modification followed.[7]  That motion was followed by a Motion for Correction of Sentence,[8] another Motion for Correction of Sentence,[9] and a motion for postconviction relief.[10]  Rogers unsuccessfully appealed this Court summary dismissal of his postconviction relief motion.[11]

---

[1] D.I. 60.
[2] D.I. 34.
[3] *Id.*
[4] D.I. 40
[5] D.I. 47.
[6] D.I. 42, 43.
[7] D.I. 46.
[8] D.I. 49
[9] D.I. 51.
[10] D.I. 53.
[11] D.I. 59.

2. Now, Rogers again moves for correction of an illegal sentence. In this motion, Rogers challenges what he refers to as this Court's "unilateral" and "singlehanded" determination of his eligibility to be sentenced as a habitual offender.[12] Citing *Erlinger v. United States,*[13] he argues that determination "'improperly invaded the jury's province because "[a] fact that increases a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must "be submitted to a jury" and found unanimously and beyond a reasonable doubt.'"[14]

3. Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[15] A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[16] The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[17]

---

[12] D.I. 60 at 3.
[13] 602 U.S. 821 (2024) (quoting *Alleyne v United States*, 570 U.S. 99, 111-113 (2013)).
[14] D.I. 60 at 3.
[15] Super. Ct. Crim. R. 35(a).
[16] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[17] Super. Ct. Crim. R. 35(a) and (b).

4.     Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed.  The Court need only consult the plea agreement signed by Rogers to determine he is not entitled to relief under either interpretation of the motion.  The plea agreement reads, "The defendant agrees he is a Habitual Offender and therefore subject to sentencing pursuant to 11 Del. C. § 4214(a) due to the following prior convictions: PWITD 2011; Trafficking Cocaine 50-100 grams 2008; PWITD 2002; Failure to Re-register/verify 2007; Unlawful Sexual Contact 1995."[18]  Rogers admitted his status an habitual offender in the plea agreement.  Just as Rogers waived his right to have a jury determine his guilt beyond a reasonable doubt when he entered his guilty plea, so too did he waive his right to have a jury determine his status as a habitual offender.

Therefore, Defendant Daron Rogers' Motion to Correct Illegal Sentence **DENIED.**  His alternative request for appointment of counsel is **MOOT.**


**IT IS SO ORDERED.**


/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[18] D.I. 34.